IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ORTHODONTIC CENTERS OF )
ILLINOIS, INC., )
 )
    Plaintiff/Counterdefendant, )
 )
v. ) No. 04 C 6852
 )
CHRISTINE MICHAELS, D.D.S., P.C., )
and CHRISTINE MICHAELS, D.D.S., )
 )
    Defendants/Counterplaintiffs. )

## SUPPLEMENT TO MEMORANDUM OPINION AND ORDER

On December 13, 2005 this Court issued its memorandum opinion and order ("Opinion") that addressed the parties' cross-motions brought under Fed. R. Civ. P. ("Rule") 56 and denied summary judgment relief to each side, except for a determination of defendant Michaels'[1] promissory note liability (the parties having deferred submissions as to the amount of that liability). At the conclusion of the Opinion this Court set a status hearing date of December 20 "to discuss the procedure and timetable required to establish the amount of that liability."

During that status hearing counsel for plaintiff Orthodontic Centers, participating by telephone, stated his intention to continue to pursue its claims of unjust enrichment and conversion as well as collection on the promissory notes. This Court was frankly taken aback by that announcement, for it had viewed

---

[1] This supplement will use the same defined terms as the Opinion.

Orthodontic Centers as having struck out on its case entirely except for recovery on the promissory notes. Hence counsel's assertion triggered a fresh look at Orthodontic Centers' Amended Complaint--and that showed he was referring to what it described as "Count Two" labeled "Conversion" and "Count Three" labeled "Unjust Enrichment." But both counsel's assertion and those labels reveal a fundamental misconception of the nature of federal pleading and of the concept of a "claim"--the latter being the basic building block in federal jurisprudence.

As for the notion and function of a "count," Fed. R. Civ. P. ("Rule") 10(b) teaches its use:

> Each claim founded upon a separate transaction or occurrence and each defense other than denials shall be stated in a separate count or defense whenever a separation facilitates the clear presentation of the matters set forth.

As common as the very different usage drawn from other sources and legal cultures may be, the concept of a separate count thus does not properly encompass the statement of what is no more than a different theory of recovery on the same claim.

And as for the concept of a "claim," our Court of Appeals has voiced the operative principles more than once, albeit in somewhat different terms from time to time (see most recently <u>Doe v. Smith</u>, 429 F.3d 706 (7th Cir. 2005)). But what this Court has consistently viewed as the most articulate and thorough treatment is found in <u>NAACP v. Am. Fam. Mut. Ins. Co.</u>, 978 F.2d 287, 292

(7th Cir. 1992):

> Identifying legal theories may assist defendants and the court in seeing how the plaintiff hopes to prevail, but this organization does not track the idea of "claim for relief" in the federal rules. Putting each legal theory in a separate count is a throwback to code pleading, perhaps all the way back to the forms of action; in both, legal theory and facts together created a "cause of action." The Rules of Civil Procedure divorced factual from legal aspects of the claim and replaced "cause of action" with "claim for relief" to signify the difference. <u>Bartholet v. Reishauer A.G. (Zürich)</u>, 953 F.2d 1073, 1078 (7th Cir. 1992). A complaint should limn the grievance and demand relief. It need not identify the law on which the claim rests, and different legal theories therefore do not multiply the number of claims for relief.
>
> <u>One set of facts producing one injury creates one claim for relief, no matter how many laws the deeds violate</u>.

In this instance Orthodontic Centers' Rule 56 motion, although it was labeled as "partial," was truly partial only in that it treated with liability and not damages as to the promissory notes in issue (as expressly authorized by the last sentence of Rule 56(c)). As for the rest of the relief that Orthodontic Centers sought in its motion, it first asked this Court to enter an order that (Motion at 2):

> OCS has validly terminated the BMA [the "Agreement"] on account of Michaels, P.C's material default of its obligations, and Michaels, P.C. must take the actions after termination set forth in Section 6.4(A) of the BMA, including payment, with interest, of all loans, advances and other amounts due OCS.

And Agreement §6.4(A) in turn swept up all of the relief that Orthodontic Centers sought in the two so-called "counts" that set out theories of "Conversion" and "Unjust Enrichment."

3

It is thus plain that the conversion and unjust enrichment theories, if successful, are no better than alternative paths to the same destination. As to the notion that litigants who seek judicial relief are not entitled to hold back in the hope that if they fail in the first instance they may fall back on arguments that could have been advanced the first time around, our Court of Appeals has said in Caisse Nationale de Credit Agricole v. CBI Indus., Inc., 90 F.3d 1264, 1270 (7th Cir. 1996)(quoting the opinion of this Court in Employers Ins. of Wausau v. Bodi-Wachs Aviation Ins. Agency, Inc., 846 F.Supp. 677, 685 (N.D. Ill. 1994)):

> A party seeking to defeat a motion for summary judgment is required to "wheel out all its artillery to defeat it."

And that quoted language from Employers Ins. continued by saying (id.):

> [I]t could not hold back and then, if unsuccessful, point to other grounds that it should have advanced but did not.

Although that was said as to a party opposing summary judgment, the same principle applies with equal force to a party that seeks summary judgment in a context such as the present one, but attempts to keep in reserve an argument that would do nothing more than "put new wine into old bottles,"[2] in case the initial motion fails (see, e.g., this Court's extended discussion in Pine

---

[2] Matthew 9:17.

Top Ins. Co. v. Century Indem. Co., 123 B.R. 287, 300 & n.36 (N.D. Ill. 1990)).[3] Just so, in the present context Orthodontic Centers was obligated to "wheel out all its artillery" to reach the result it sought by whatever route was available to it. Hence the Opinion's rejection of Orthodontic Centers' effort to reach its goal because of its illegal conduct--its being in pari delicto (if not worse)--just as plainly leads to the rejection of its alternative theories of recovery as well.

In summary, then, what the Opinion said at its conclusion--that only the quantification of recovery on the promissory notes remains open--is reconfirmed. That renders it unnecessary to defer the next status hearing for the extended period ordered during the December 20 status hearing. Instead this action is set for a status hearing at 1:15 p.m. January 4, 2006, at which time the parties will be expected to identify an early date for the resolution of the amount due on the promissory notes.

_____
Milton I. Shadur
Senior United States District Judge

Date: December 22, 2005

---

[3] There is of course a good reason that no Court of Appeals opinion has dealt with the "no-holding-back" principle in that context: Denials of summary judgment motions are neither appealable in themselves nor reviewable on appeal after a subsequent trial on the merits.