IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ORTHODONTIC CENTERS OF )
ILLINOIS, INC., )
 )
    Plaintiff/Counterdefendant, )
 )
v. ) No. 04 C 6852
 )
CHRISTINE MICHAELS, D.D.S., P.C., )
and CHRISTINE MICHAELS, D.D.S., )
 )
    Defendants/Counterplaintiffs. )

MEMORANDUM OPINION AND ORDER

Orthodontic Centers of Illinois, Inc. ("Centers") originally brought this diversity action against Christine Michaels, D.D.S., P.C., and Christine Michaels, D.D.S. (for convenience collectively "Michaels," treated as a singular feminine proper noun) to seek damages stemming from the parties' business agreement and from the asserted nonpayment of five promissory notes ("Notes") that had been signed by Michaels in Centers' favor. Because this Court found the business agreement unenforceable as a matter of Illinois law, it rejected all claims and counterclaims premised on the agreement's validity in two 2005 opinions reported at 403 F.Supp.2d 690 ("Opinion I") and 407 F.Supp.2d 934 ("Opinion II"). Both opinions, however, held that the Notes were enforceable against Michaels, so that the only issue remaining in the case is the amount--if any--of that liability.

Both parties have now brought and briefed their motions for

summary judgment under Fed. R. Civ. P. ("Rule") 56 on that damages issue.[1]  At heart their dispute revolves around whether anyone can show what if any payments have been made to reduce Michaels' liability on the Notes.  Michaels claims that Centers has the burden of proving damages but cannot meet that burden because of accounting problems, so that it is entitled to no more than nominal damages.  On the other side of the coin, Centers contends that it is Michaels who bears the burden of proving the affirmative defense of payment but cannot meet that burden due to her admissions in her motion, so that Centers is entitled to damages for the bulk of the face value of the Notes plus interest and attorney's fees.  For the reasons stated in this memorandum opinion and order, both parties' motions are denied.

Standard of Review

Under familiar Rule 56 principles a movant for summary judgment bears the burden of establishing the absence of any genuine issue of material fact (<u>Celotex Corp. v. Catrett</u>, 477

---

[1]  It is true that a minute order was entered on October 13, 2006 that provided for the parties' responsive memoranda to be filed on October 27, with replies due on November 17.  But that order was the result of one counsel's call to this Court's minute clerk saying that the parties had agreed on such a schedule.  This Court never calls for reply memoranda on cross-motions unless it views such filing as necessary <u>after</u> it has already reviewed the responsive memoranda--and that practice is particularly appropriate in the case of Rule 56 motions, where the identification of a genuine issue of material fact in a response cannot be trumped by a reply, any more than an omelet can be stuffed back into the eggshells.

U.S. 317, 322-23 (1986)). For that purpose courts consider the evidentiary record in the light most favorable to nonmovants and draw all reasonable inferences in their favor (Lesch v. Crown Cork & Seal Co., 282 F.3d 467, 471 (7th Cir. 2002)). But to avoid summary judgment a nonmovant "must produce more than a scintilla of evidence to support his position" that a genuine issue of material fact exists (Pugh v. City of Attica, 259 F.3d 619, 625 (7th Cir. 2001)). Ultimately summary judgment is appropriate only if a reasonable jury could not return a verdict for the nonmovant (Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)). And to add one more complexity where (as here) cross-motions for summary judgment are involved, those principles require the adoption of a Janus-like perspective: As to each motion, the nonmovant's version of any disputed facts must be credited.

Finally, as a federal court sitting in diversity, this Court is charged with applying state law--in this instance Illinois law, as the parties agree--to resolve all substantive questions (M. T. Bonk Co. v. Milton Bradley Co., 945 F.2d 1404, 1407 (7th Cir. 1991)). What follows, then, is (1) a summary of the facts undisputed by either party, followed by (2) an application of Illinois substantive law to those facts as augmented by additional and disputed facts that must be viewed in the light most favorable to the party against whom a particular argument

3

has been asserted.[2]

## Background[3]

Centers is a holder, with rights of enforcement, of five Notes signed by Michaels in the aggregate principal amount of $193,224 (M. St. ¶1; C. St. ¶¶1-4). By their terms the Notes (C. St. ¶6):

> shall be payable from [Michaels'] net operating margin with interest at a rate of one and one half (1.5%) percent over the prime rate of interest over a period of 60 months. Payment will begin after payment of non-interest bearing cash advances and upon the attainment of a net operating margin sufficient to repay [the] advances.

Each Note contains an acceleration clause and provides for post-maturity interest in the event of default (C. St. ¶¶7-8).

Over the course of the parties' relationship from January 1, 1998 through December 31, 2003, Michaels made debt payments to Centers far in excess of the $300,481.80 of principal and interest that would have been due on the Notes had they been paid according to schedule (M. St. ¶¶16-17). But the Notes were not

---

[2] This District Court's LR 56.1 implements Rule 56 by requiring the submission of evidentiary statements and responses to such statements to highlight which facts are in dispute and which are not. This opinion will cite to Centers' and Michaels' respective LR 56.1 statements as "C. St. ¶--" and "M. St. ¶--," to their responsive statements as "C. R. St. ¶--" and "M. R. St. ¶--." Those same "M." and "R." references will apply to each side's original and responsive memoranda (cited "Mem." and "R. Mem.").

[3] More extensive background information on this litigation, as set out in Opinion I and Opinion II, need not be repeated or considered on the current cross-motions.

the only debt that Michaels owed to Centers under the parties' business arrangement, so there is a question of how Michaels' payments were or should have been allocated.

Two witnesses as well as Michaels herself have reviewed Centers' accounting records to ascertain what portion if any of Michaels' debt payments was allocated to reducing her liability on the Notes (C. St. ¶¶10-13). In the end the parties have diametrically opposed positions as to what the evidence can prove about (1) what payments were in fact made on the Notes and relatedly (2) who has to prove that fact (C. St. and M. R. St. ¶¶11-12, 15-17; M. St. and C. R. St. ¶¶6-14, 18)

<u>Burden of Proving Payment or Nonpayment</u>

Simply put, Michaels' three-step argument that she should be entitled to summary judgment is that (1) Centers bears the burden of proving its damages as part of its claim, (2) to prove those damages Centers bears the burden of proving what portion of the face value of the Notes is still remaining after Michaels' payments and (3) because Centers cannot "definitively" prove what has or has not been paid, Centers cannot make its case for damages as a matter of law (M. Mem. 1-2, 10). That position fails at step (1), because under the Illinois Commercial Code (810 ILCS 5/3-308(b))[4] Centers bears no such burden of proof to

---

[4] Further citations to Commercial Code provisions will take the form "Section--," omitting the prefatory "810 ILCS 5/."

makes its case (see <u>Tuttle v. Rose</u>, 102 Ill.App.3d 865, 866-67, 430 N.E.2d 356, 358 (1st Dist. 1981)).[5]

Here is Section 3-308(b):

> If the validity of signatures is admitted or proved and there is compliance with subsection (a), a plaintiff producing the instrument is entitled to payment if the plaintiff proves entitlement to enforce the instrument under Section 3-301, unless the defendant proves a defense or claim in recoupment. If a defense or claim in recoupment is proved, the right to payment of the plaintiff is subject to the defense or claim, except to the extent the plaintiff proves that the plaintiff has rights of a holder in due course which are not subject to the defense or claim.[6]

In other words, in an action to enforce a note in which the stated conditions have been met--as is true here--the plaintiff is entitled to payment on the Note (<u>Tuttle</u>, 102 Ill.App.3d at 866-67, 430 N.E.2d at 357-58)). Centers needs nothing more to survive Michaels' Rule 56 motion--that is, unless Michaels proves that her liability is zero.

In that last respect the substantive burden of persuasion--not simply a burden of going forward with evidence--is on Michaels, who must prove by a preponderance of the evidence what prior payments--if any--have been made on the Notes (<u>In re</u>

---

[5] <u>Tuttle</u> referred to what was then Ill. Rev. Stat. ch. 26, ¶3-307(2), the precursor to Section 3-308. Indeed, Section 3-308 only further clarified the proposition stated in the text (Daniel Murray & Carter Klein, <u>2A Ill. Prac., UCC with Illinois Code Comments</u> §5/3-308 ("Murray & Klein"), at ¶5 (2006 ed.)).

[6] [Footnote by this Court] There is no dispute as to full compliance with the Section 3-308(b) conditions or as to Centers' entitlement to enforce the Notes under Section 3-301.

6

Marriage of Hagshenas, 234 Ill.App.3d 178, 199, 600 N.E.2d 437, 452 (2d Dist. 1992); see also Bank of N.C., N.A. v. Rock Island Bank, 630 F.2d 1243, 1247 (7th Cir. 1980), decided under the predecessor statute referred to in n.5). Hence it is Michaels' ultimate burden to persuade a factfinder by a preponderance of the evidence that partial or total payment has been made on the Notes.

In her attempted response to the clear language of Section 3-308(b) and the above-cited cases, Michaels has proffered an argument that is no longer tenable. For example, she places heavy reliance on the antiquated precedent of Wolf v. Peoples Bank, 255 Ill.App. 127, 138-39 (3d Dist. 1929) for the proposition that while she has a burden of going forward with some evidence of payment to overcome the presumption created by Centers' prima facie case, the burden of persuasion has never shifted to her--it remains with Centers instead. But Wolf was based entirely on a 1923 statute--then Ill. Rev. Stat. ch. 98, ¶44--that is no longer good law, having been superseded by Section 3-308(b), which (as already stated) clarified the placement of the burden of proving all defenses (see Murray & Klein, §5/3-308 at ¶5). Indeed, Oak Trust & Sav. Bank v. Annerino, 64 Ill.App.3d 1030, 1032, 381 N.E.2d 1389, 1390 (1st Dist. 1978) has addressed the selfsame question as Wolf, dealing with the defense of failure of consideration as to a note, and

7

expressly held that the burden of proving that defense by a preponderance of the evidence rests on the party asserting it.[7]

In sum, Centers need not make any showing at all as to Michaels' payments--or lack thereof--to bring the case to a factfinder for resolution.[8]  Hence all the facts asserted by Michaels as to Centers' inability to make such a showing are immaterial, and Michaels' motion is denied.

### Michaels' Proof of Payment

On Centers' part, step one of its motion for summary judgment is equally straightforward, essentially making the reverse legal argument that Michaels bears the burden of

---

[7] Michaels also points to Johnston v. Bumba, 764 F.Supp. 1263, 1284 (N.D. Ill. 1991) in an effort to support her thesis. While Johnston does there wind up a 17-page opinion devoted to complex securities problems with the conclusory statement that "It was the plaintiff's burden to establish the amount due," that ipse dixit is voiced with no reference whatever to any authority-- either in statute or under caselaw.  Illinois law is of course a function of what its General Assembly or its state courts or both say on a subject, and not what federal courts may say.  If Johnston had emanated from our Court of Appeals, this Court would have been duty-bound to adhere to it despite what has just been said, but the unpublished order that affirmed Johnston (No. 91-2235, 1992 WL 372264, reported in table at 983 F.2d 1072 (7th Cir. 1992)) held that plaintiff's surprising delinquency in not having raised the failure-of-proof issue on appeal constituted an abandonment of an issue that was dispositive of the appeal, thus dooming the appeal and compelling affirmance.  Hence Johnston presents nothing more than an unsupported District Court statement that has no precedential force, and because it is totally at odds with the proper sources of Illinois law it will not be followed here.

[8] Even so, Centers has in fact pointed to evidence of an amount--less than the face amount--that is assertedly left owing on the Notes after Michaels' payments (C. St. ¶¶15-19).

persuasion as to her defense of payment. But Centers seeks to carry that proposition farther to sustain a final judgment in its favor, asserting at C.R. Mem. 3-4 that Michaels has admitted her inability to prove her defense because she claimed this in pursuit of her motion (Mem. 10):

> As Mr. Paternostro's testimony exposes, it is impossible for anyone to definitively determine from [Centers'] accounting records the monies repaid by MICHAELS and the application of those monies to the subject promissory notes and other debt.

That argument is too clever by half. Despite the quoted language and the other similar assertions by Michaels in support of her motion, a genuine issue of fact remains as to the extent to which Michaels has already made payment on the Notes. Accordingly Centers' motion must also be denied.

Preliminarily, C. Mem. 5 n.3 correctly points out that Michaels' failure to raise payment as an affirmative defense in her Answer was in violation of Rule 8(c). But on that score such cases as <u>Curtis v. Timberlake</u>, 436 F.3d 709, 711 (7th Cir. 2005) teach that such "a delay in asserting an affirmative defense waives the defense only if the plaintiff was harmed as a result." Michaels' failure to plead payment in her Answer has not prejudiced Centers in any way. Both sides have had--and have fully exercised--the opportunity to conduct discovery on the issue, and it has been briefed by both. Accordingly this Court exercises its discretion to allow the payment defense to be

9

raised.

To turn to the substance of that defense, it will be for a factfinder to decide on the sufficiency of Michaels' evidence on that score. Despite her questionable decision to make the statements she did in support of a motion premised on an incorrect understanding of the law, Michaels' stated inability to prove "definitively" from Centers' records how much she paid and how much Centers allocated toward the Notes does not mean that a factfinder could not reach a rational conclusion as to the extent to which payment was made. After all, Michaels' burden is only to present enough evidence to support a conclusion by a preponderance of the evidence that some payment has been made. There is no need for "definitive" proof at this stage of the case.

In the terms mandated by Rule 56, when all the evidence is viewed in the light most favorable to Michaels, she has presented evidence that creates a genuine issue of material fact as to whether she can prove her defense. According to Centers' own records, Michaels' total payments on her debts owed to Centers--which included the Notes and other obligations--exceeded the total principal and interest due on the five Notes (M. St. Ex. G ¶¶10-11). While Centers' accounting records do not expressly state what portion of those payments was allocated to the Notes and to other debts she owed (M. St. Ex. G ¶7), both sides have

10

submitted arguments on the current motions as to how those payments were or should have been allocated toward the Notes.

In cases such as this, where allocation of payments is disputed with no clear direction from the parties, Illinois law has prescribed certain presumptions, but in the final analysis it will be for the factfinder to decide the "just and equitable apportionment of payments" (Blackhawk Prod. Credit Ass'n v. Bay, 69 Ill.App.3d 239, 245-46, 387 N.E.2d 382, 387 (2d Dist. 1979)). According to Michaels, Centers was responsible for making payments on the Notes out of her account--an account that was managed by Centers--so long as there were sufficient funds in the account to make the payments (M. St. Ex. B at 5:2-15, 86:1-4). And toward the end of 1997 the conditions necessary for beginning such payments were met (M. St. ¶¶12-13).

Under the circumstances, it would be reasonable for a factfinder to conclude that at least some substantial proportion of Michaels' debt payments were or should have been allocated by Centers to the Notes. That being so, despite Centers' correct argument that the burden of persuasion as to payment lies with Michaels, Centers' motion must also be denied because of the genuine factual issue as to amount.

## Conclusion

Because of the genuine issue of material fact as to the amounts left owing on the Notes, summary judgment for either

11

Centers or Michaels is precluded.  Both Rule 56 motions are therefore denied.  This action is set for a status hearing at 8:45 a.m. November 17, 2006 to discuss further proceedings.[9]

_____
Milton I. Shadur
Senior United States District Judge

Date:  November 13, 2006

---

[9] No ruling is made or implied as to the equitable arguments raised in Michaels' R. Mem., it being anticipated that those contentions will be among the subjects discussed at the next status hearing.