IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ORTHODONTIC CENTERS OF ILLINOIS, INC., | ) ) ) |
| Plaintiff/Counterdefendant, | ) ) |
| v. | ) No. 04 C 6852 ) |
| CHRISTINE MICHAELS, D.D.S., P.C., and CHRISTINE MICHAELS, D.D.S., | ) ) ) |
| Defendants/Counterplaintiffs. | ) |

## MEMORANDUM OPINION AND ORDER[1]

This is an action between litigants--Orthodontic Centers of Illinois, Inc. ("Orthodontic Centers") and Christine Michaels, D.D.S., P.C. and Christine Michaels, D.D.S. (collectively "Dr. Michaels")--fighting over their rights under a contract that this Court has found to be violative of public policy, resulting in a decision in Opinion I that they were in pari delicto. Regrettably, the parties' most recent submissions have not enabled this Court to write the final chapter in the litigation, as it had hoped. Although this Court's expectation had been that the parties' current filings would be directed to the only item remaining open--the extent of Dr. Michaels' remaining liability on the promissory notes executed in favor of Orthodontic Centers,

---

[1] For a quite comprehensive (although admittedly not complete) account of the checkered history of this litigation, see the three published opinions reported at 403 F.Supp.2d 690 (N.D. Ill. 2005)("Opinion I"), 407 F.Supp.2d 934 (N.D. Ill. 2005) ("Opinion II") and 461 F.Supp.2d 655 (N.D. Ill. 2006) ("Opinion III").

neither has really done so--instead they have simply apprised this Court of their having reached agreement on that issue, but without advising this Court of the results of that agreement and of how (if at all) it should be embodied in the final judgment order.

Thus Orthodontic Centers has filed submissions captioned "Offer of Proof" and "Supplement to Offer of Proof," rearguing the substantive issues on which it has already lost, while Dr. Michaels has responded with "Defendants' Objection to Plaintiff's 'Offer of Proof'" calling upon totally inapplicable legal principles in an effort to shut off Orthodontic Centers' reargument. This memorandum opinion and order will accordingly deal briefly with those questions that the parties have addressed but that this Court had not asked, after which this Court will inquire of the parties at a very early status hearing date about the subject on which this Court has sought input but has not been informed.

As for Dr. Michaels' submission, it is simply wrong in the procedural argument that it advances. To put the matter in its most fundamental light, because no Fed. R. Civ. P. ("Rule") 54(b) determination was made (or was indeed contemplated) in conjunction with the rulings in Opinions I and II, there has been no final judgment in the case. That being so, Dr. Michaels' emphasis on Rule 60(b) principles and caselaw is misdirected.

Orthodontic Centers is correct in stating that under Rule 54(b) this Court can revisit its earlier rulings, so that Orthodontic Centers is not out of line procedurally in that respect.

So it is Dr. Michaels' objection rather than Orthodontic Centers' Offer of Proof that is "procedurally improper," and at least technically Orthodontic Centers can continue its opportunistic efforts to find solace in the fact that it is an admitted liar, having at different times taken a different stance as to whether it has been illegally involved in the practice of dentistry (see Opinion I, 403 F.Supp.2d at 695-98). That technical victory, however, is wholly pyrrhic. This Court has already dealt with the subject of the parties' illegal contract--the in pari delicto issue--at length, and it finds Orthodontic Centers' current "wriggle-out effort" (a term used in a somewhat different context in Opinion I, id. at 698) to be entirely unpersuasive.

There is, however, one aspect of the Offer of Proof whose misleading nature calls for a brief response: its suggestion that Orthodontic Centers' counsel were somehow blindsided by this Court's in pari delicto ruling. Nothing could be farther from the truth. Two of Dr. Michaels' affirmative defenses to Orthodontic Centers' Amended Complaint expressly asserted that Orthodontic Centers' claims were barred because they were premised on a contract that was illegal and violated Illinois

public policy. When Orthodontic Centers moved for partial summary judgment, Dr. Michaels' memorandum in opposition briefed the issue of illegality extensively, and Orthodontic Centers' reply memorandum in support of its Rule 56 motion spoke directly to that issue. When Orthodontic Centers' parent corporation then filed its November 4, 2005 Form 8-K with the SEC (see Opinion I at 696), Dr. Michaels directed that filing to this Court's attention through a supplemental memorandum in opposition to Orthodontic Centers' Rule 56 motion--and Orthodontic Centers then filed its supplemental reply (as this Court had authorized), meeting that subject head-on.

With the evidence in hand that thus confirmed the illegality of the agreement between the parties, this Court was scarcely required to don blinders by ignoring that showing to which Orthodontic Centers had--and had exercised--the full opportunity to respond. There is simply no merit in Orthodontic Centers' suggestion that it was somehow sandbagged by the in pari delicto ruling against it (or more accurately, against both parties).

That leaves the case in the same posture that it was when this Court most recently requested input from the parties--it has not been told (1) of the status of the parties' settlement of the promissory notes issue, and most particularly (2) of how the final dispositive order that this Court wishes to issue forthwith should deal with that subject. This Court therefore orders the

4

parties, within the next two working days, to communicate with its minute clerk to set up a status conference (either in person or telephonically) to address that subject and thus to enable this Court to close the case via final order.

_____
Milton I. Shadur
Senior United States District Judge

Date: August 21, 2007